UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

---------------------------------------------------------------X

JAMKIREA WILLIAMS,

                         Plaintiff,

        -vs-

SIERRA LAND GROUP INC.,
CARIBE ROYALE ORLANDO,
and JOHN DOE # 1-10 and JANE DOE # 1-10,
(such names being fictitious as their
true names are presently unknown),
JOHN DOE ENTITY,
(such entity being a fictitious entity that
manages the hotel known as
The Caribe Royale Orlando),

                         Defendants.

---------------------------------------------------------------X

**COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1. Plaintiff Jamkirea Williams (hereinafter "Plaintiff") through her attorney, Grauman Law P.C., brings this action for compensatory damages, punitive damages, and other associated relief, including attorneys' fees, for the wrongful and racially discriminatory acts of Defendants SIERRA LAND GROUP INC., which owns and operates CARIBE ROYALE ORLANDO and their employees, agents, servants and supervisors, JOHN and JANE DOE #1-10 (collectively hereinafter the ("CARIBE ROYALE"), in violation of Ms. William's rights under the laws of the State and the Constitution of the United States of America.

## NATURE OF THE ACTION

2. This is an action to recover money damages arising out of the Defendants reprehensible misconduct in violation of Plaintiff' rights under 42 U.S.C. 2000a, 42 U.S.C. 1981.

3. Plaintiff' further asserts common-law claims against CARIBE ROYALE for Intentional Infliction of Emotional Distress, or alternatively, Negligent Infliction of Emotional Distress.

## JURISDICTION AND VENUE

4. This action seeks redress for the violation of Plaintiff's rights, pursuant to, inter alia, 42 U.S.C. 2000a, 42 U.S.C. 1981, and the Fourteenth Amendment of the Constitution of the United States of America.

5. This action seeks damages based on diversity of citizenship, as Plaintiff is a resident and citizen of the State of Georgia, and Defendants are citizens of the State of Florida; and redress for the violation of Plaintiff's rights, pursuant to, inter alia, 42 U.S.C § 2000a, 42 U.S.C. § 1981, and the Fourteenth Amendment of the Constitution of the United States of America.

6. Jurisdiction of this Court is predicated upon 28 U.S.C. §§1331, 1332, 1343, and 1367(a).

7. Venue is proper in this Court pursuant to 28 U.S.C.§1391(b)(1) and 28 U.S.C.§1391(b)(2).

## JURY DEMAND

8. Plaintiff demands a trial by jury in this action.

## PARTIES

9. Plaintiff is an African-American female who is a citizen of, and resides in the State of Georgia.

10. Defendant SIERRA LAND GROUP, INC., is a corporation located at 801 North Brand Boulevard, Suite 1010, Glendale, California 91203, and is the owner of the hotel operated

as the CARIBE ROYALE HOTEL ORLANDO, which offers accommodations to the public (the "Caribe Royal").

11. Defendant John Doe Company, being the entity that owns, operates and/or manages the hotel known as Caribe Royale Hotel Orlando), doing business as Caribe Royale ("Defendant John Doe Company") is, upon information and belief, the owner, operator, and/or manager of the CARIBE ROYALE ORLANDO HOTEL, located at 8101 World Center Drive, Orlando, Florida 32821, within the United States District Court for the Middle District of Florida.

12. Defendants John Doe #1-10, and Jane Doe #1-10, at all pertinent times, were managers, employees, agents, servants, and supervisors of CARIBE ROYALE.

13. Defendant SIERRA LAND GROUP, INC, is sued individually, and, pursuant to respondeat superior, is liable for the wrongful acts of its employees, agents, servants and supervisors of CARIBE ROYALE, who were at the time of the reprehensible misconduct alleged below, were responsible for carrying out their occupational duties as employees, agents, servants and supervisors of CARIBE ROYALE. Such liability applies to the acts of Defendant John and Jane Doe #1-21, all of whom are sued in their individual and official capacities.

14. In connection with the Plaintiff and the circumstances described herein, Defendants acted as the actual or apparent agent of SIERRA LAND GROUP, INC.

## FACTS

15. At all pertinent times, CARIBE ROYALE has marketed itself as minutes away from Walt Disney World, with "unbeatable Defendants amenities" and for treating their guests to an array of family-friendly experiences.

16. On or about May 20, 2021, Plaintiff and her four (4) adolescent children traveled from their home State of Georgia to stay at the CARIBE ROYALE for vacation, as guests, expecting a family-friendly experience.

17. With the expectation of having a family-friendly vacation, Plaintiff made reservations and other plans to attend restaurants and local events during her stay, including SeaWorld.

18. On May 20, 2021, Plaintiff checked in to the CARIBE ROYALE, Tower #2, and left the CARIBE ROYALE to have dinner with her children.

19. On May 20, 2021, at or around 11:30 p.m., Plaintiff's returned to the Tower #2 parking lot at CARIBE ROYALE.

20. At that time, Plaintiff observed that all parking spaces within reasonable proximity to Tower #2 were full.

21. Plaintiff drove her vehicle (the "Vehicle") to the front entrance of the CARIBE ROYAL, and pulled alongside a CARIBE ROYALE security staff member, who was operating a golf cart at the time ("JOHN DOE #1").

22. Plaintiff inquired with JOHN DOE #1 as to where she could park her Vehicle in light of her physical disposition and there being no parking spaces available.

23. JOHN DOE #1 advised Plaintiff, in substance, that because the parking lot gets full at night, Plaintiff could park her Vehicle on the "black top" but to make sure that she did not block any parking spaces otherwise she would be "ticketed" by the CARIBE ROYALE.

24. Plaintiff expressed her concerns about not being able to park in an actual parking space, but proceeded as JOHN DOE #1 directed.

25. The next morning, on May 21, 2021 at approximately 8:30 a.m., two (2) of Plaintiff's children approached Plaintiff's Vehicle to retrieve some belongings, and upon their arrival noticed Plaintiff's Vehicle vandalized, including the following:

(a) what appeared to be a splattered chocolate milkshake on the vehicle (the "Milkshake");

(b) a banana (the "Banana"); and

(c) a note written on a piece of paper that was placed on the windshield (the "Note").

26. Plaintiff's oldest child read the Note, and reported what he observed to Plaintiff.

27. The Note was written on "CARIBE ROYALE Orlando" note paper, and stated *verbatim*, the following:

**"Being Fat, lazy and having too many kids doesn't make you handicap. To: Stupid Monkey, From: The Milkshakeman."**

28. A true copy of the Note is annexed hereto as **Exhibit "1"**.

29. The splattered Milkshake, placement of the Banana, and the Note placed on Plaintiff's vehicle are collectively hereinafter referred to as the "Incident."

30. Upon reading the Note, Plaintiff was terrified, shocked, embarrassed and distressed, and observed two (2) of her adolescent children crying.

31. Upon observing her vandalized Vehicle, Plaintiff immediately contacted the front desk at the CARIBE ROYALE to report the Incident, and was transferred to Caribe Royale Security ("CARIBE ROYALE SECURITY").

32. Plaintiff first spoke with a CARIBE ROYALE SECURITY staff member "Mr. Roman". Plaintiff reported the Incident to Mr. Roman, who advised that he would report to Plaintiff's room as soon as practicable.

33. When Plaintiff hung up the phone, Plaintiff's fear prompted her to contact 9-1-1 to report the Incident as well. Plaintiff was advised by local police, in substance, that a Sheriff would be responding to her location.

34. On May 21, 2021, at approximately 9:00 a.m., Mr. Roman appeared at Plaintiff's room with another CARIBE ROYALE SECURITY staff member ("JOHN DOE #2) and an Orange County Sheriff.

35. Upon their arrival, Mr. Roman introduced himself and requested that Plaintiff complete a "guest statement" form while he proceeded to take photos of the banana and Note.

36. Mr. Roman and John Doe #2 advised Plaintiff that they believed, in substance, that it was "just a drunk guest who did this".

37. It was apparent to Plaintiff that CARIBE ROYALE SECURITY was reluctant to investigate the Incident further.

38. Due to CARIBE ROYALE SUCURITY'S refusal and/or failure to investigate and/or property investigate the Incident, Plaintiff was further fearful of the safety and well-being of herself and her children if she stayed at the CARIBE ROYALE any longer.

39. Plaintiff and her children gathered their belongings to put in Plaintiff's vehicle to leave the CARIBE ROYALE.

40. Upon approaching her vehicle, Plaintiff was shocked to see that her vehicle had been washed without her permission.

41. Plaintiff then reported to the front desk of the CARIBE ROYALE to speak with a senior staff member and to check out of the CARIBE ROYALE.

42. Upon approaching the front desk, Plaintiff asked to speak to a manager.

43. Moments later, an individual identified as "Mr. Miller" introduced himself to Plaintiff. Mr. Miller stated, in substance, that he only had a brief understanding of the Incident.

44. Plaintiff explained the entire Incident to Mr. Miller, explained her embarrassment, fear and her dismay as to CARIBE ROYALE'S failure to show any sympathy, properly investigate the Incident, if at all, or do anything to make her or her children feel safe at the CARIBE ROYALE. Plaintiff also questioned why her vehicle was washed without her permission after reporting the Incident but before an any investigation was conducted, and requested copies of all documentation maintained by the CARIBE ROYALE in connection with the Incident, including "the guest statement" Mr. Roman requested that Plaintiff complete, and for an opportunity to review video surveillance at the CARIBE ROYALE so that she, and CARIBE ROYALE SECURITY could see who vandalized her vehicle and who washed her car.

45. For reasons unbeknownst to Plaintiff, the CARIBE ROYALE was unwilling to review any security footage to ascertain who at the CARIBE ROYALE committed the aforementioned acts.

46. Rather, Mr. Miller advised Plaintiff that the CARIBE ROYALE would issue a full refund for Plaintiff's vacation and asked Plaintiff to have a seat.

47. Mr. Miller then provided Plaintiff with three business cards for Mr. Miller's supervisor(s) who may be able to assist Plaintiff. Mr. Miller advised that he did not have any additional information to provide, but that Mr. Roman would have copies of documents relating to the Incident from what may have been gathered by CARIBE ROYALE SECUIRTY that day.

48. Plaintiff and Mr. Miller then responded to Mr. Roman, who had in his possession certain documents regarding the Incident, which included a photograph of a dining card with a chocolate milkshake cup-stain on the card. ("DINING CARD PHOTO").

49. It was apparent that whomever had access to the DINING CARD PHOTO also had a chocolate milkshake and left a stain on said DINING CARD PHOTO.

50. By showing Plaintiff the chocolate stain on the DINING CARD PHOTO, it was apparent that the CARIBE ROYALE clearly wanted Plaintiff to know that it was the Defendants who committed the underlying Incident.

51. Upon Plaintiff's review of Mr. Roman's documents, Plaintiff took a photograph of the DINING CARD PHOTO, which is annexed hereto as **Exhibit "2"**.

52. CARIBE ROYALE SECURITY had refused to provide any video surveillance to Plaintiff and/or any additional information to Plaintiff, despite their prior representations to the contrary.

53. As a result of the foregoing actions, Plaintiff was deprived of the family-friendly vacation that Defendants, individually and/or collectively, represented that they would provide.

## CAUSES OF ACTION

### COUNT I

### Denial of Equal Benefit under 42 U.S.C. 1981

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" with the same force and effect as though more fully set forth at length herein.

55. At all pertinent times, while a guest at the CARIBE ROYALE, Plaintiff faced discrimination, profiling, and harassment due to her race and ethnicity.

56. Such treatment by the DEFENDANTS deprived Plaintiff and her children of the privilege accorded by the DEFENDANTS to other visitors of the Defendants to be free from blatant racism, discrimination, scrutiny, profiling, harassment while guests thereof.

57. Such actions by the DEFENDANTS violated Plaintiff's rights to the full and equal benefit of the use and enjoyment of the CARIBE ROYALE, contrary to 42 U.S.C. 1981.

58. The Incident has injured Plaintiff, including, inter alia, severe emotional distress, embarrassment, mental and emotional pain and suffering, humiliation and fear.

59. The DEFENDANTS, by and through John and Jane Does #1-20, undertook all of the aforementioned actions while carrying out their duties as employees, agents, servants and supervisors of the CARIBE ROYAL, or otherwise could have avoided the Incident by exercising minimal due care for guests thereof, and intentionally, wantonly, maliciously, recklessly and oppressively caused the harm resulting the Plaintiff, which should entitle Plaintiff to an award of punitive damages.

60. By discriminating against Plaintiff on the basis of her race and the race their guests in the manner set forth, Defendants have individually and/or collectively denied Plaintiff the same right to enjoy the benefits, privileges, terms, and conditions of her stay at the CARIBE ROYALE in violation of Plaintiff's rights under the Civil Rights Act of 1866, 42 U.S.C. 1981 and the laws of the State of Florida.

61. John and Jane Does #1-10, in their individual and official capacities, are liable for compensatory and punitive damages, in amounts to be determined at trial.

62. The DEFENDANTS is principally liable for compensatory and punitive damages, in amounts to be determined at trial for the wrongful acts of their employees, agents, servants and supervisors.

63. By reason of the foregoing, Plaintiff has been damaged by Defendants in an amount to be determined at trial, but anticipated to be in excess of $1,000,000, plus attorneys' fees, costs, expenses and disbursements.

## COUNT II

### *Unlawful Discrimination 42 USC 2000-a*

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "63" with the same force and effect as though more fully set forth at length herein.

65. By discriminating against Plaintiff and her children on the basis of their race, Defendants have denied Plaintiff the same right to enjoy the benefits, privileges, terms, and conditions of contract as is, and was, enjoyed by non-African-American guests, in violation of Plaintiff's rights under the Civil Rights Act of 1866 42 U.S.C. § 1981.

66. By reason of the foregoing, Plaintiff has been damaged by Defendants in an amount to be determined at trial, but anticipated to be in excess of $1,000,000, plus attorneys' fees, costs, expenses and disbursements.

## COUNT III

### Unlawful Discrimination Chapter 760 of the Florida Statutes

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "66" with the same force and effect as though more fully set forth at length herein.

68. The duties of Defendants, by and through the CARIBE ROYALE, include, but are not limited to, compliance with the laws and regulations protecting their guests, including Plaintiff.

69. Defendants breach of the applicable standard of care, include, but are not limited to, the failure to (a) provide proper supervision of their staff; (b) a safe environment for all

known and foreseeable guests and visitors; (c) courteous and fair treatment; (d) protect Plaintiff from racism, harassment and criminal misconduct.

70. As a result of the aforementioned conduct of Defendants, Plaintiff has suffered emotional distress, became physically ill and has suffered humiliation and stress related symptoms.

71. By reason of the foregoing, Plaintiff has been damaged by Defendants in an amount to be determined at trial, but anticipated to be in excess of $1,000,000, plus attorneys' fees, costs, expenses and disbursements.

## COUNT IV

### *Intentional Infliction of Emotional Distress*

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "71" with the same force and effect as though more fully set forth at length herein.

73. The aforementioned actions underlying the Incident, including but not being limited to Plaintiff's vandalized vehicle, banana left on her vehicle, and the Note, failure to investigate and/or properly investigate the Incident, washing of Plaintiff's vehicle without her prior consent and/or approval after the Incident was reported to CARIBE ROYALE SECURITY, and which exhibited a complete lack of remorse, sympathy and respect for Plaintiff, and which is entirely extreme and outrageous conduct for which all Defendants should be held accountable.

74. Defendants' actions have caused Plaintiff and her children embarrassment and sadness, fear for their safety and well-being, ruined Plaintiff's long planned vacation, continuing emotional distress through the present date.

75. The Defendants' actions were intentional and constitute the intentional infliction of emotional distress under such circumstances that a reasonably prudent person would characterize them as outrageous and caused significant damages to the Plaintiffs.

76. By reason of the foregoing, Plaintiff has been damaged by Defendants in an amount to be determined at trial, but anticipated to be in excess of $1,000,000, plus attorneys' fees, costs, expenses and disbursements.

## COUNT V

### *Negligent Infliction of Emotional Distress*

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "76" with the same force and effect as though more fully set forth at length herein.

78. Defendant's active participation in the Incident and/or failure to prevent or otherwise protect Plaintiff and her children from the reprehensible and outrageous aforementioned Incident, refusal and or failure to properly investigate the Incident as handled recklessly and/or without regard to Plaintiff and/or her children's safety and well-being as guests of the DEFENDANTS.

79. As a result of the traumatizing Incident and the aforementioned act(s) by Defendants which occurred thereafter, Plaintiff has and continues to suffer severe emotional distress.

80. By reason of the foregoing, Plaintiff has been damaged by Defendants in an amount to be determined at trial, but anticipated to be in excess of $1,000,000, plus attorneys' fees, costs, expenses and disbursements.

## COUNT VI

### *Premises Liability*

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "80" with the same force and effect as though more fully set forth at length herein.

82. The Plaintiff, while guests or otherwise lawfully present upon the CARIBE ROYALE premises, did sustain injuries as a result of Defendants' aforementioned misconduct.

83. Defendants, by and through their agents, servants, franchisees and/or employees owed a duty to maintain the subject premises in a reasonably safe condition and free from conditions that would render it dangerous and unsafe for the Plaintiff, and failed to adhere to such basic requirements.

84. Defendants could have taken any number of minimal corrective measures to ensure that visitors of the CARIBE ROYALE are free from dangerous conditions, including acts of vandalism through minimal security measures.

85. Defendants, by and through their agents, servants, franchisees and/or employees breached their duty owed to Plaintiff, including but not limited to, (a) creating a dangerous condition; (b) failing to correct a known and/or apparent dangerous condition; (c) failing to properly and/or adequately maintain the premises in a reasonably safe condition; (d) failing to monitor and prevent their staff and/or agents from conduct or engaging in the racially motivated acts described herein; and/or € failing to have adequate security measures to protect the Plaintiff.

86. By reason of the foregoing, Plaintiff has and continues to be damaged.

87. By reason of the foregoing, Plaintiff has been damaged by Defendants in an amount to be determined at trial, but anticipated to be in excess of $1,000,000, plus attorneys' fees, costs, expenses and disbursements.

## COUNT VII

### *Negligent Hiring, Entrustment and/or Supervision*

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "87" with the same force and effect as though more fully set forth at length herein.

89. Upon information and belief, Defendants have manuals and/or protocols for their staff and security to ensure the safety and care of all guests, invitees, customers at the CARIBE ROYALE.

90. The Defendants have breached such duty by failing to adhere to hospitality standards, to enforce the protocals or security mechanisms of the CARIBE ROYALE and/or fialing to adequately train, supervise or retain adequate security to minimize the likelihood of harm suffered by guests on the premises.

91. As a result of Defendant's failure to maintain minimal security protection, employee training and/or adequate protocols, Plaintiff was deprived of the benefit of such protection to ensure that she was free from knowing and/or foreseeable harm, including but not being limited to, the Incident.

92. The Plaintiff has and continues to suffer injury as a result of Defendants' breach.

93. By reason of the foregoing, Plaintiff has been damaged by Defendants in an amount to be determined at trial, but anticipated to be in excess of $1,000,000, plus attorneys' fees, costs, expenses and disbursements.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

a. On the First Claim for Relief, for a declaratory judgment finding that the foregoing actions of the Defendants violated denied Plaintiff of Equal Benefit under the law, 42 U.S.C. 1981, the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 2000a, and awarding Plaintiff monetary damages against Defendants in an amount to be determined at trial, but anticipated to be no less than $1,000,000, plus interest, costs, disbursements and attorney's fees;

b. On the Second Claim for Relief, for a declaratory judgment finding that the foregoing actions of the Defendants discriminated against Plaintiff in violation of 42 U.S.C. §2000a, and awarding Plaintiff monetary damages against Defendants in an amount to be determined at trial, but anticipated to be no less than $1,000,000, plus interest, costs, disbursements and attorney's fees;

c. On the Third Claim for Relief, for a declaratory judgment finding that the foregoing actions of the Defendants discriminated against Plaintiff in violation of Chapter 760 of the Florida Statutes, and awarding Plaintiff monetary damages against Defendants in an amount to be determined at trial, but anticipated to be no less than $1,000,000, plus interest, costs, disbursements and attorney's fees;

d. On the Fourth Claim for Relief, for judgment against Defendants for Intentional Infliction of Emotional Distress, and awarding Plaintiff monetary damages against Defendants in an amount to be determined at trial, but anticipated to be no less than $1,000,000, plus interest, costs, disbursements and attorney's fees;

e. On the Fifth Claim for Relief, for Negligent Infliction of Emotional Distress, and awarding Plaintiff monetary damages against Defendants in an amount to be determined at trial,

but anticipated to be no less than $1,000,000, plus interest, costs, disbursements and attorney's fees;

  f. On the Sixth Claim for Relief, for Premises Liability, and awarding Plaintiff monetary damages against Defendants in an amount to be determined at trial, but anticipated to be no less than $1,000,000, plus interest, costs, disbursements and attorney's fees;

  g. On the Seven Claim for Relief, for Negligent Hiring, Entrustment and/or Supervision, and awarding Plaintiff monetary damages against Defendants in an amount to be determined at trial, but anticipated to be no less than $1,000,000, plus interest, costs, disbursements and attorney's fees;

  h. And for such other and further relief as this court deems just and proper, including an award of punitive damages, costs, disbursements and attorney's fees.

Dated: July 25, 2021        Respectfully submitted,

               By: / scott grauman, esq. /
               Scott Grauman (SG-1715)
               Grauman Law P.C.
               500 Village Square Crossing, Suite 101
               Palm Beach Gardens, Florida 33410