## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JAMKIREA WILLIAMS,

     Plaintiff,                    Case No. 6:21-CV-1200-WWB-DCI

v.

SIERRA LAND GROUP, INC., CARIBE
ROYALE ORLANDO, and JOHN DOE #1-10
and JANE DOE #1-10 (such names being
fictitious as their true names are presently
unknown, JOHN DOE ENTITY, (such entity
being a fictitious entity that manages the hotel
known as The Caribe Royale Orlando),

     Defendant.

_____/

## DEFENDANT'S, CARIBE ROYALE RESORT SUITES[1], MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, CARIBE ROYALE RESORT SUITES ("Defendant" or "Caribe"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law, and in support thereof states as follows:

### INTRODUCTION

This matter was instituted by Plaintiff on July 30, 2021. Plaintiff attempts to assert numerous claims against Defendant (and various unnamed and unidentified individuals) arising out of her one-night stay at Caribe's vacation property in Orlando,

---

[1] Sierra Land Group, Inc., which has not yet been served with the Complaint, is the parent company of Sierra Florida Hotels, LLC which owns and operates Sierra Orlando Properties Ltd. d/b/a Caribe Royale Resort Suites, the subject property located at 8101 World Center Drive, Orlando, FL 32821.

Florida from March 20, 2021 to March 21, 2021. The crux of Plaintiff's Complaint is that she was discriminated against on the basis of her race. Specifically, the Complaint asserts the following claims: Count I - Violation of 42 U.S.C. 1981; Count II - Violation of 42 U.S.C. 2000(a); Count III - Unlawful discrimination under Florida Statutes Chapter 760; Count IV - Intentional infliction of emotional distress; Count V - Negligent infliction of emotional distress; Count VI - Premises liability; and Count VII - Negligent hiring, entrustment and/or supervision. (Compl. ¶¶ 54-88.)

The Complaint, however, is completely devoid of any facts whatsoever establishing that the purported single act upon which Plaintiff bases her claims was committed by Defendant, or anyone acting on its behalf. Specifically, there is no factual support upon which to conclude that Defendant discriminated against Plaintiff or otherwise bears any responsibility for the unwitnessed and unobserved discriminatory act upon which Plaintiff's claims are based, *i.e.*, the spilled Milkshake on her vehicle in the parking lot of Defendant's hotel, along with a Banana and a Note (hereinafter the "Incident"). *Id.*, ¶ 29. At best, Plaintiff's Complaint posits that Defendant should be responsible for failing to *prevent* Plaintiff from experiencing shock, embarrassment, and distress resulting from the misconduct of some unidentified and unknown third-party actor during her stay beyond reasonable measures. Other than pure conjecture, however, she pleads no factual allegations that the Incident, which was not captured on surveillance footage and which was only discovered by her family on the morning of March 21, 2021, was either intentionally perpetrated by, or done with the knowledge of, Defendant or any of its employees.

2

18539926-3

Additionally, the Complaint is procedurally defective. It is a quintessential "shotgun" pleading which: (a) contains multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint; (b) is replete with conclusory and vague allegations of wrongdoing and immaterial facts not obviously connected to any particular cause of action; and (c) asserts multiple claims against multiple defendants (some name and some unnamed) without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. In essence, it is a pleading of the kind the Eleventh Circuit has condemned repeatedly. *See Lola v. Monroe Cnty. Sheriff,* No. 4:18-cv-10218-KMM, 2021 U.S. Dist. LEXIS 10741, at *6-7 (S.D. Fla., Jan. 19, 2021).

In sum, the Complaint is not only procedurally defective, but there is also no factual basis upon which to conclude that Defendant either engaged in intentional discrimination, or committed any tortious conduct with respect to Plaintiff during her one-night stay upon which liability can reasonably be based. Plaintiff has failed to properly state a cause of action as to Counts I through VII, therefore, the Complaint must be dismissed.

## **LEGAL ARGUMENT**

### **I.     Legal Standard for Motion to Dismiss**

Fed. R. Civ. P. 12(b)(6) provides that a party may assert the defense of failure to state a cause of action by motion before pleading.  "In ruling on a motion to dismiss [for failure to state a cause of action], the court must accept the allegations of

the complaint as true, and construe the allegations in the light most favorable to the plaintiff." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F. 3d 1276, 1282 (11th Cir. 2007). However, in ruling on the motion to dismiss, the court should ignore allegations that contain no more than opinions or legal conclusions. *See South Florida Water Mgmt. Dist. v. Montalvo*, 84 F. 3d 402, 408 n.10 (11th Cir. 1996) (dicta); *see also Robinson v. Jewish Ctr. Towers,* 993 F. Supp. 1475, 1476 (M.D. Fla. 1998) (noting that in considering a motion to dismiss, a court "will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions."). Further, "unsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under Rule 12(b)(6)." *Marsh v. Butler County*, 268 F. 3d 1014, 1037 (11th Cir. 2001) (en banc). It is also proper to dismiss a complaint "for failure to state facts supporting each of the elements of a claim." *Iodice v. United States*, 289 F. 3d 270, 280 (4th Cir. 2002).

Additionally, Fed. R. Civ. P. 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." While this "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, a complaint must have sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A plausible claim must allege facts that are more than just what is possible. *Id*.

18539926-3

## II.     The Shotgun Complaint Should Be Dismissed Based on its Overall Pleading Deficiencies

Plaintiff's Complaint is a quintessential shotgun pleading as admonished at length by the United States Court of Appeals for the Eleventh Circuit. *Lola*, 2021 U.S. Dist. LEXIS at *6-7 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)) ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.")

First, the Complaint incorrectly incorporates the introductory paragraphs, the paragraphs in the "Facts" section, and the paragraphs in the preceding counts into the subsequent counts. For example, Count II incorporates the introductory paragraphs (¶¶ 1-53), as well as the paragraphs of Count I (¶¶ 54-63). Similarly, Count III incorporates the introductory paragraphs (¶¶ 1-53), as well as the paragraphs of Count I and Count II (¶¶ 54-66), and so forth. In this way, it is not clear which factual allegations are material to each of the seven Counts asserted. Second, the Complaint contains numerous speculative, conclusory, and vague allegations of wrongdoing which are nothing more than threadbare recitals of the elements of the claims. *See id.*, ¶¶ 37, 49, 50, 55, 56, 57, 59, 60, 65, 75, 82, 83, 90, 91.  Additionally, each of the seven Counts fails to identify against which of the purported twenty-three possible Defendant(s) the claim is brought. In all of these ways, the Complaint violates Fed. R. Civ. P. 8(a)(2) in that it is not a "short and plain statement of the claim," and it also

5

fails to fulfill Rule 10(b)'s requirement that discrete claims should be pled in separate counts. *See* Fed. R. Civ. P 10(b) ("…[E]ach claim founded on a separate transaction or occurrence…must be stated in a separate count…"); *See also Magluta v. Samples*, 256 F. 3d 1282, 1284 (11th Cir. 2001) ("This type of pleading…is the type of complaint that we have criticized time and again.")

District courts confronted by shotgun pleadings have the inherent authority to demand plaintiffs to replead the allegations. *See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F. 3d 1290, 1332 n.94 (11th Cir. 1998). It is appropriate for this Court to exercise that authority here.  For all of the aforementioned reasons, Plaintiff's shotgun Complaint should be dismissed.

Lastly, Plaintiff has failed to identify any specific individuals or employees of Defendant against whom she has filed her claims. Instead, the caption of the Complaint names, "JOHN DOE # 1-10 and JANE DOE # 1-10" as Defendants with the parenthetical, "(such names being fictious as their true names are presently unknown)." The Complaint generally alleges, "Defendants John Doe # 1-10 and Jane Doe # 1-10, at all pertinent times, were managers, employees, agents, servants, and supervisors of CARIBE ROYALE" and that they are being "sued in their individual and official capacities." (Compl. ¶¶ 12-13.) "[F]ictious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F. 3d 734, 738 (11th Cir. 2010) (per curiam) (citing *New v. Sports & Recreation, Inc.*, 114 F. 3d 1092, 1094 n.1 (11th Cir. 1997)). In *Briggs v. Hancock*, No. 3:13-CV-212-J-39MCR, 2014 U.S. Dist. LEXIS 149715, at *29 (M.D. Fla. Oct 21, 2014), this Court *sua sponte* dismissed two such unidentified

defendants (*i.e.*, John Doe and Jane Doe) where their job positions were generally described but the Complaint was not sufficiently specific to either: (a) identify the defendants among the many people employed; or (b) identify the individuals so they could be properly served with process. Accordingly, the Court dismissed Defendant John Doe and Defendant Jane Doe from the action, and instructed the Clerk to terminate them on the docket. *Id.*, at *30. The very same result is warranted here.

### III. Count I Must Be Dismissed For Failure to State a Claim as Plaintiff Has Not Alleged Any Intent to Discriminate on the Basis of Race by Defendant as Required By 42 U.S.C. § 1981

To properly assert a claim under 42 U.S.C. § 1981 (2021), a plaintiff must allege (1) that the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) that the discrimination concerns one or more of the activities enumerated in the statute. *Rutstein v. Avis Rent-A-Car Sys., Inc.,* 211 F. 3d 1228, 1235 (11th Cir. 2000) (distinguished on unrelated grounds regarding class certification).

Plaintiff provides no factual support whatsoever regarding the critical second element of the claim, namely any intention by Defendant to discriminate against her on the basis of race. Instead, the "Facts" of the Complaint simply set forth mere allegations that the "Incident" occurred, and that Plaintiff was "terrified, shocked, embarrassed and distressed" upon learning of same. (Compl. ¶¶ 25- 30.) Indeed, the only actions alleged to have been committed by Defendant (through its unknown and unidentified representatives) are the purported "refusal and/or failure to investigate" the Incident (*Id.*, ¶ 38); the "failure to show any sympathy…or do anything to make

her or her children feel safe" (*Id.*, ¶44); and that Defendant was "unwilling to review any security footage to ascertain who at the CARIBE ROYALE committed the aforementioned acts." *Id.*, ¶ 45. Plaintiff's Complaint unsuccessfully attempts to attribute some responsibility for the Incident to Defendant based on nothing more than the allegation that the Note was written on Defendant's stationary, and Plaintiff's speculative and erroneous suspicion that Defendant's dining card contains *what she believes to be* "a chocolate milkshake cup-stain" which made it "apparent" that Defendant "committed the underlying Incident." *Id.*, ¶¶ 27, 48-50. Such allegations are not sufficient to raise Plaintiff's right to relief against Defendant under § 1981 above the "speculative level." *See Simoes v. Wintermere Pointe Homeowners Assoc.*, No. 6:08-CV-01384-LSC, 2008 U.S. Dist. LEXIS 86943, at *7-9 (M.D. Fla. Oct. 28, 2008) (citing *Twombly*, 550 U.S. 544, at 555 (dismissing race discrimination claim against individual officers under § 1981 where complaint failed to include any facts regarding the manner in which each officer allegedly participated in the purported discrimination)).

Moreover, Count I itself contains nothing more than conclusory and vague allegations of discrimination. Additionally, paragraph 55 of the Complaint merely alleges that "Plaintiff ***faced*** discrimination, profiling and harassment due to her race," but nowhere does the Count (or the Complaint as a whole) allege facts that ***Defendant*** intentionally committed such conduct. *Id.*, ¶ 55 (emphasis added). Where "[s]uch treatment" or "[s]uch actions" are alleged to have been committed by Defendant, it is only done so in a conclusory and vague fashion. *See id.*, ¶¶ 56, 57, 60. "[T]hreadbare

recitals of the elements of a cause of action, supported by conclusory statements" are not acceptable to sufficiently plead a claim. *Benaddi v. Jarvis*, No. 8:15-cv-2143-T-33TGW, 2016 U.S. Dist. LEXIS 88134, at *9 (M.D. Fla. July 7, 2016) (citing *Ashcroft*, 556 U.S. at 678). Section 1981 "can only be violated by purposeful discrimination." *General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982); *Freeman v. Motor Convoy, Inc.*, 700 F. 2d 1339, 1350 (11th Cir. 1983) ("A showing of discriminatory purpose is required to prove a *prima facie* case of discrimination under 42 U.S.C. § 1981.") Plaintiff's allegations fall short of meeting this essential element entirely as there are no allegations that Defendant had any intent to discriminate against her or treat her less favorably due to her race.

In fact, Plaintiff's asserted facts undermine this allegation entirely. The Complaint describes helpful actions by Defendant's alleged employees toward Plaintiff on March 21, 2021 following her discovery of the Incident, including: immediate response to her call by the front desk and Security department (Compl. ¶ 31-32); cooperation with the Orange County Sheriff's office, who was called by Plaintiff (*Id.*, ¶ 34); requested completion of a "guest statement" (*Id.*, ¶ 35); washing of Plaintiff's vehicle (*Id.*, ¶ 40); issuance of a full refund for Plaintiff's stay (*Id.*, ¶ 46); and providing Plaintiff with all available documentation relating to Security's investigation of the Incident including, but not limited to, business cards for supervisors who could further assist Plaintiff. I*d.*, ¶ 47.[2]

---

[2] Due to the shotgun nature of the Complaint as discussed above, it is difficult to ascertain whether Plaintiff is attempting to base her discrimination claim on any of this alleged conduct.

In sum, there is simply no allegation or factual support in the Complaint regarding the second critical element of a claim for discrimination under § 1981 – namely, Defendant's ***intent to discriminate*** against Plaintiff on the basis her race. On the contrary, Count I contains an explicit allegation of negligence, rather than intentional, conduct. ("The DEFENDANTS…could have avoided the Incident by exercising minimal care for guests thereof.") *Id., ¶ 59.* Plaintiff has utterly failed to plead the essential element of Defendant's intent to discriminate against her on the basis of race in order to establish a cause of action in violation of § 1981. Therefore, Count I must be dismissed.[3]

## IV. Count II For Unlawful Discrimination Under 42 U.S.C. § 2000a Must Be Dismissed For Failure to Exhaust Administrative Remedies As Plaintiff Failed to Provide Mandatory Written Notice of Her Claim to the Florida Commission on Human Relations

Count II of Plaintiff's Complaint, "***Unlawful Discrimination 42 USC 2000-a***", purports to assert discrimination on the basis of race based on the allegation that "Defendants have denied Plaintiff the same right to enjoy the benefits, privileges, terms, and conditions of contract as is, and was, enjoyed by non-African-American guests, in violation of Plaintiff's rights under the Civil Rights Act of 1866, 42 U.S.C. § 1981." (Compl. ¶ 65.) 42 U.S.C. § 2000a (2021) provides, "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages,

---

[3] Plaintiff's attempt to request punitive damages in the Complaint based on nothing more than the conclusory allegation contained in paragraph 59 of Count I must also fail as Plaintiff has not put forth any facts demonstrating that Defendant acted with "malice or [with] reckless indifference" pursuant to § 1981(b)(1). (Compl. ¶ 59.) *Ferrill v. Parker Grp., Inc.*, 168 F. 3d 468, 476 (11th Cir. 1999) citing *Smith v. Wade*, 461 U.S. 30, 56 (1983). *See also Splunge v. Shoney's Inc.*, 97 F. 3d 488, 491 (11th Cir. 1996).

18539926-3

and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."

Certain procedural requirements must be met before such a claim can be asserted in federal court. Specifically, § 2000a-3(c) provides in relevant part:

> [N]o civil action may be brought under subsection (a) before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

The Florida Civil Rights Act, Fla. Stat. § 760.08 (2020) ("FCRA"), prohibits an individual from being denied access to places of public accommodation, which mirrors the provision in § 2000a referenced above.[4] The Florida Commission on Human Relations ("FCHR") is the state agency charged with investigating such complaints under the FCRA. *See* FLA. STAT. §§ 760.02, 760.11 (2020). Thus, prior to filing a civil action in federal court in Florida alleging a claim pursuant § 2000a, a plaintiff is required to provide written notice to the FCHR of the alleged discriminatory conduct, and the federal court has the discretion to stay proceedings "pending the termination of State or local enforcement proceedings." § 2000(a)(3)(c).

Here, Plaintiff has not pled that she complied with the statutory written notice requirement, nor does the Complaint otherwise address this prerequisite. Rather than

---

[4] FLA. STAT. § 760.08, Discrimination in places of public accommodation, states: "All persons are entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination or segregation on the ground of race, color, national origin, sex, pregnancy, handicap, familial status, or religion."

18539926-3

utilizing the required resolution methods available through the FCHR, Plaintiff has filed the instant lawsuit in violation of the applicable federal and state procedures which govern her claim. Accordingly, Count II of the Complaint must be dismissed for failure to exhaust administrative remedies. *See, e.g.*, *Adeniji v. Fla. State Coll.*, No. 3:11-cv-443-J-34TEM, 2012 U.S. Dist. LEXIS 67438, at *12-13 (M.D. Fla. Jan. 31, 2012) (dismissing plaintiff's complaint containing discrimination claim pursuant to § 2000a for failure to allege compliance with notice requirements of § 2000a-3(c) and failure to exhaust administrative remedies available through state agency responsible for investigating claims); *Brown v. Zaveri*, 164 F. Supp. 2d 1354, 1356 (S.D. Fla. 2001) (dismissing customer's race discrimination claim against fast food restaurant under § 2000a for failure to exhaust administrative remedies because he had not filed complaint with FCHR before bringing public accommodation claim to federal court). This Court's decision in *Robinson v. Power Pizza*, 993 F. Supp. 1458, 1461 (M.D. Fla. 1998), denying a motion to dismiss such a claim on this basis is easily distinguishable. In *Robinson*, the Court's denial was based on the fact that plaintiff was seeking extraordinary relief in the form of a preliminary injunction and the State authority, *i.e.*, the FCHR, has no authority to provide such relief. *Id.* Here, Plaintiff is seeking monetary damages only. *See* Compl. Prayer for Relief, pp. 15-16, ¶¶(a)-(h). Moreover, the Complaint contains no allegation of urgency that might justify waiver of the statutory notice requirement.

For all these reasons, Count II of Plaintiff's Complaint must be dismissed pursuant to § 2000a-3.

18539926-3

**V.     Count III for Unlawful Discrimination Under the FCRA Must Also Be Dismissed For Failure to Exhaust Administrative Remedies Pursuant to Fla. Stat. § 760.07 (2020)**

Count III of Plaintiff's Complaint, "***Unlawful Discrimination Chapter 760 of the Florida Statutes***", purports to assert a state law claim of racial discrimination pursuant to the FCRA. However, certain procedural requirements must be met before such a claim can be asserted in court. *See* discussion *supra* Part IV; FLA. STAT. § 760.11, 760.07 (2020) ("If the statute prohibiting unlawful discrimination provides an administrative remedy, the action for equitable relief and damages provided for in this section may be initiated only after the plaintiff has exhausted his or her administrative remedy.")

Count III fails to state a cause of action because the Complaint is completely devoid of any allegation that Plaintiff has complied with the jurisdictional prerequisites of the FCRA. Specifically, the Complaint contains no allegation that Plaintiff has complied with the notice requirements and alerted the FCHR to her claim as required by Fla. Stat. § 760.11. A plaintiff's exhaustion of administrative remedies under Fla. Stat. § 760.11 is a jurisdictional prerequisite to filing an action under the FCRA. *Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1324-25 (M.D. Fla. 2013).

Plaintiff has failed to allege sufficient facts to demonstrate compliance with the statutory requirements of the FCRA, and has failed to exhaust her required administrative remedies available through the FCHR prior to filing this civil action asserting a discrimination claim under Florida law.  Therefore, Count III must be dismissed.

### VI.    Count IV For Intentional Infliction of Emotional Distress Must Be Dismissed for Failure to State a Claim As Plaintiff Has Not Pled the Essential Elements to Meet the High Standard for Such a Claim

A *prima facie* case for the intentional infliction of emotional distress includes: "(1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe." *Nettles v. City of Leesburg – Police Dept.*, 415 F. App'x 116, 122 (11th Cir. 2010) (quoting *Hart v. United States,* 894 F.2d 1539, 1548 (11th Cir. 1990)).

Florida has a "very high standard for claims of intentional infliction of emotional distress, and only in extreme circumstances will courts uphold such claims." *Estate of Duckett v. Cable News Network LLLP (CNN)*, No. 5:06-cv-444-Oc-10GRJ, 2008 U.S. Dist. LEXIS 88667, at *14 (M.D. Fla. July 30, 2008). The Complaint falls woefully short of this high standard. None of the facts alleged therein satisfy the requirements for the first, second, and fourth elements of the claim. Plaintiff has not pled facts constituting deliberate or reckless infliction of mental suffering by Defendant. Nor has she pled facts constituting outrageous conduct by Defendant. Recklessness involves conduct where the actor has reason to know of "facts which create a high degree of risk of harm to another and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk. Restatement (Second) of Torts § 500 cmt. a (1965). Another view of recklessness describes that the actor has reason to know of facts "but does not realize or appreciate the high degree of risk involved, although a reasonable man in his position would do so." *Id.* The Complaint

is completely devoid of any allegations of fact regarding Defendant's knowledge or conduct that rise to this level.

The second prong as to outrageous conduct is highly dependent on factual circumstances alleged, however, it is ultimately a question of law properly considered by this Court. *Lopez v. Target Corp.,* 676 F. 3d 1230, 1236 (11th Cir. 2012) (affirming district court's dismissal of intentional infliction claim after determining "whether [defendant's] alleged conduct is sufficiently outrageous to state an IIED claim"); *Bloom v. Miami-Dade County*, 816 F. Supp. 2d 1265, 1289 (S.D. Fla.2011) (Hoeveler, J.) ("Accepting all allegation as true, Plaintiffs have not demonstrated that [defendant's] conduct was so outrageous as to be deemed "atrocious."). Florida law holds that liability for the intentional infliction of emotional distress "does not extend to mere insults, indignities, threats, or false accusations." *Lopez*, 676 F.3d at 1236 (citing *Williams v. Worldwide Flight Servs. Inc.*, 877 So. 2d 869, 870 (Fla. 3d Dist. Ct. App. 2004)) (per curiam). In this instance, Plaintiff has not demonstrated *any* conduct by Defendant "as to go beyond all possible bounds of decency" and is "utterly intolerable in a civilized community." *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278-9 (Fla. 1985) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

The allegations upon which Plaintiff bases her claim include: "Plaintiff's vandalized vehicle, banana left on her vehicle, and the Note, failure to investigate and/or properly investigate the Incident, washing of Plaintiff's vehicle without her prior consent and/or approval after the Incident was reported to CARIBE ROYALE SECURITY, and which exhibited a complete lack of remorse, sympathy, and respect

for Plaintiff…" (Compl. ¶ 73.)   However, as noted above, there are no factual allegations – beyond mere conjecture and speculation -- that **Defendant** committed or participated in the act of vandalizing her vehicle; that **Defendant** committed or participated in the act of leaving the banana on her vehicle; or that **Defendant** committed or participated in the act of authoring the Note. There are similarly no factual allegations that **Defendant** was aware of -- or had any knowledge whatsoever of -- the risk of such potential acts being perpetrated by some unknown third-party in the parking lot of the hotel. In short, there is no evidence that Defendant was in any way responsible for the Incident that serves as the basis for Plaintiff's Complaint. Moreover, in cases where there were allegations of specific action and/or deliberate conduct by a place of public accommodation against a racial minority, courts have determined that allegations of conduct similar in nature to that alleged here were not sufficient to support a claim for intentional infliction of emotional distress. See *Brown*, 164 F. Supp. 2d at 1363 (plaintiff's intentional infliction of emotional distress claim rejected when plaintiff was a fast-food restaurant customer and manager of restaurant refused to serve plaintiff, ordered the rest of the staff to refuse to serve plaintiff, called plaintiff "Nigger," and repeatedly assaulted plaintiff).

Lastly, while Plaintiff described experiencing psychological responses to the Incident in her Complaint (*i.e.*, feeling "terrified, shocked, embarrassed and distressed" (Compl. ¶ 30.)), the Complaint contains no allegations or facts to satisfy the requirement of *severe distress* beyond the conclusory allegation that the Incident has "caused significant damages to the Plaintiffs. (sic)" *Id.*, ¶ 75.  Plaintiff has alleged

18539926-3

something fundamentally different from verbal or physical abuse which must rise to the level of severity that "no reasonable person could be expected to endure it." *Snyder v. Phelps,* 562 U.S. 443, 461 (2011) (dismissing plaintiff's claim for intentional infliction of emotional distress concerning defendant's protest with signs near the military funeral of plaintiff's son). Fear, embarrassment, and shock are legitimate maladies. However, by themselves, they are not sufficient to establish emotional distress that is beyond a reasonable person's capacity to endure given Plaintiff's provided facts. *Id.*

For all of these reasons, Plaintiff's claim for intentional infliction of emotional distress in Count IV of the Complaint must be dismissed for failure to state a cause of action. The Complaint does not assert facts constituting the extreme circumstances in which the courts would uphold such a claim. None of the facts alleged satisfy the first, second, and fourth elements of the claim. On the contrary, even taking the Complaint's allegations as true, the Complaint falls woefully short of meeting the "very high standard" established by Florida courts for demonstrating liability for such claims.

**VII.** **Count V For Negligent Infliction of Emotional Distress Must Be Dismissed for Failure to State a Claim As Plaintiff Has Not Alleged a Physical Injury/Impact Nor Has Plaintiff Alleged that She Saw, Heard, or Arrived in the Parking Lot as the Incident Was Occurring**

Count V of Plaintiff's Complaint for negligent infliction of emotional distress is similarly subject to dismissal.  At its core, this Count alleges negligence by Defendant. Plaintiff has failed to assert the essential elements of this cause of action, namely that her alleged emotional distress flows from a physical injury Plaintiff sustained in an impact, or that she was otherwise involved in the Incident or placed in immediate risk

18539926-3

of physical harm by Defendant's negligent conduct. *Fla. Dep't of Corr. V. Abril*, 969 So. 2d 201, 206 (Fla. 2007) (quoting *R.J. v. Humana of Fla., Inc.*, 652 So. 2d 360, 362 (Fla. 1995)); *Nielsen v. MSC Crociere S.A.*, No. 10-62548-CIV-DIMITROULEAS, 2011 U.S. Dist. LEXIS 158852, at *27-28 (S.D. Fla. June 24, 2011) (dismissing plaintiff's claim for negligent infliction of emotional distress for failure to allege sufficient facts to meet the zone of danger test).

"The impact rule, as applied in Florida, requires that 'before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact.'" *Abril,* 969 So. 2d at 206 (quoting *R.J.*, 652 So. 2d at 362)*.* The impact rule bars recovery for solely "psychic injuries resulting from such trauma." *Zell v. Meek,* 665 So. 2d 1048, 1052 (Fla. 1995). *See also LeGrande Emmanual*, 889 So. 2d 991, 995 (Fla. 3d DCA 2004) (finding that memory loss and the exacerbation of a preexisting condition were insufficient to support a cause of action for negligent infliction of emotional distress); *R.J.,* 652 So. 2d at 364 (finding that "hypertension, pain and suffering, mental anguish, loss of capacity for the enjoyment of life" are "intangible, mental injuries [that] are insufficient to meet the physical injury required under the impact rule.").

In support of this Count, Plaintiff only categorically alleges that she has suffered "severe emotional distress" as a result of the Incident. (Compl. ¶ 79.) The Complaint contains no allegations whatsoever that Plaintiff sustained an impact or suffered any physical injuries from which her emotional distress flows. Accordingly, Plaintiff is

barred from bringing the instant claim as it is not sufficient to assert intangible maladies to meet the Florida impact rule.

Florida law provides an exception where plaintiff has not suffered a physical impact where the "mental distress must be 'manifested by physical injury,' the plaintiff must be 'involved' in the incident by seeing, hearing, or arriving on the scene as the traumatizing event occurs, and the plaintiff must suffer the complained-of mental distress and accompanying physical impairment 'within a short time' of the incident." *Eagle-Picher Indus. V. Cox,* 481 So. 2d 517, 526 (Fla. 3d DCA 1985) (citing *Champion v. Gray,* 478 So. 2d 17 (Fla. 1985) *aff'd on rehearing,* So. 2d (Fla. 1985)). The Complaint also contains no allegations of fact whatsoever constituting any elements of this exception. Specifically, Plaintiff has not alleged any physical injury. Plaintiff has not alleged that she was involved in the Incident, or otherwise saw, heard, or arrived in the parking lot as it was occurring. On the contrary, the Complaint merely alleges that Plaintiff parked in the parking lot around 11:30 p.m. on March 20, 2021, and "[t]he next morning, on March 21, 2021, at approximately 8:30 a.m., two (2) of Plaintiff's children approached Plaintiff's vehicle" and noticed the Incident, which had already occurred. (Compl. ¶¶ 19-25.) Plaintiff's oldest child then reported what he observed to Plaintiff. *Id.*, ¶ 26. As such, the claim is subject to dismissal. *See Nielsen*, 2011 U.S. Dist. LEXIS 158852, at *27-28.

In sum, Plaintiff has not pled a cause of action upon which relief can be granted by her lack of physical manifestations as required by the Florida impact rule and the

18539926-3

exception thereto. Therefore, Count IV of the Complaint asserting a claim for negligent infliction of emotional distress must similarly be dismissed.

**VIII. Count VI For Premises Liability Must Be Dismissed for Failure to State a Claim As Plaintiff Has Not Alleged that Defendant Breached its Duty of Due Care, Nor Has She Alleged a Physical Injury or Property Damage**

An allegation of premises liability is rooted in a negligence claim, in addition to specific elements related to the control of the premises and existence of a dangerous condition. *Lisanti v. City of Port Richey*,787 So. 2d 36, 37 (Fla. 2d DCA 2001). More specifically, premises liability concerns the negligence of a defendant in allowing licensees and invitees to enter an area on the property, without warning, where that owner/operator could foresee that such persons could be injured by a dangerous condition on the property that is not readily apparent. *Houssami v. Nofal*, 578 So. 2d 495, 496 (Fla. 5th DCA 1991).

Plaintiff has failed to assert the essential element of damages that she seeks relief from as she does not allege any physical injuries nor property damage as a result of the Incident whatsoever. Rather, Plaintiff vaguely states that she "did sustain injuries" and "continues to be damaged." (Compl. ¶¶ 82, 86.) However, this recitation of a necessary element with no factual basis is not sufficient to survive a motion to dismiss pursuant to Fed. R. C. P. 12(b)(6). As discussed above, Plaintiff did not assert arriving at the scene at the time of the Incident occurring, or any physical manifestations of emotional distress after learning about the Incident. *See* discussion *supra* Part VII. Nor did she

allege any damage to personal property. Therefore, she has not asserted a claim upon which relief can be provided.

Despite the fundamental need for dismissal based on the lack of damages, Plaintiff has inappropriately assigned Defendant the heightened duty to maintain the premises "free from conditions that would render it dangerous or unsafe" (Compl. ¶ 83.) Under Florida law, Defendant owes a duty to invitees to use due care to maintain its premises in a reasonably safe condition and a duty to warn of concealed dangers known to the owner which are unknown to the invitee and cannot be discovered through the exercise of due care. *Dampier v. Morgan Tire & Auto, LLC,* 82 So. 3d 204, 206 (5th DCA 2012). Plaintiff failed to identify any specific actions by Defendant that assert a breach of duty to maintain the property in a reasonably safe fashion beyond her feeling that Defendant "was reluctant to investigate" and failed to "make her or her children feel safe". (Compl. ¶¶ 37, 44.) It is not consistent with Florida law to require Defendant to provide constant security of each patron's vehicle to *prevent* incidents like this from occurring, despite Plaintiff's assertion.

Lastly, the mere fact that the Incident occurred, does not presume that a "dangerous condition" existed. *See Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006). Rather, Plaintiff has alleged a purely emotional response to the Incident, which concerns unacceptable conduct by an unknown third-party on Defendant's property. This is fundamentally different from a physical condition in Defendant's control that caused identifiable damage. Plaintiff has failed to assert any factual basis beyond conjecture that Defendant created, had knowledge of, or failed to

21

warn or protect her against the possibility of the Incident.  For these reasons, Count

VI must be dismissed for failure to state a cause of action upon which relief can be

granted.

### IX.   Count VII Must Be Dismissed for Failure to State a Claim As Plaintiff Has Not Properly Pled the Essential Elements of A Negligent Hiring, Entrustment and/or Supervision Claim

"Under Florida law, the underlying wrong allegedly committed by an employee

in a negligent supervision or negligent retention claim must be based on an injury

resulting from a tort which is recognized under common law." *Scelta v. Delicatessen*

*Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1348 (M.D. Fla. 1999). Florida courts

addressing this issue have indicated that an employer does not owe a common law

duty to its employees to maintain a workplace free from harassment. *Ayubo v. City of*

*Edgewater*, No. 6:08-cv-1197-ORL-31GJK, 2009 U.S. Dist. LEXIS 3119, at *8 (M.D.

Fla. Jan. 16, 2009) (dismissing plaintiff's negligent supervision and training claims

based on racial discrimination and holding Florida does not recognize a common law

claim for negligent failure to maintain a workplace free of discrimination); *Freese v.*

*Wuesthoff Health Sys.*, No 6:06-cv-175-ORL-31JGG, 2006 U.S. Dist. LEXIS 31784, at

*31 (M.D. Fla. May 19, 2006) (dismissing plaintiff's claim for negligent hiring and

supervision for supervisor's harassment and discrimination in violation of Title VII of

the Civil Rights Act, the Age Discrimination in Employment Act, and FCRA as those

are not common law causes of action upon which a negligent supervision claim can

be asserted)).  Accordingly, because there is no duty for an employer to maintain a

workplace free from discrimination or harassment vis-à-vis its employees, the Court

similarly should not recognize a common law cause of action based on the negligent failure to maintain an environment that is free from harassment or discrimination vis-à-vis its customers. Consequently, Plaintiff is unable to satisfy the initial element of her negligent supervision claim, and the claims should be dismissed.

Additionally, the Complaint does not plead, with sufficient particularity, any other purported common law tortious behavior by Defendant. Once again, this Count contains only conclusory allegations of purported wrongdoing with no factual basis for these conclusions. *See* Compl. ¶ 90 ("Defendants… fail[ed] to adhere to hospitality standards, to enforce protocols or security mechanisms…and/or fail[ed] to adequately train, supervise or retain adequate security to minimize the likelihood of harm suffered by guests on the premises.") There are no other allegations in the entire Complaint where Plaintiff asserts grievous acts committed by an employee of Defendant that constitute torts under Florida law.

Additionally, to state a *prima facie* case for negligent hiring, entrustment and/or supervision in Florida, a plaintiff must demonstrate that: (1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known. *Hobirn, Inc. v. Aerotek, Inc.,* 787 F. Supp. 2d 1298, 1307 (S.D. Fla. 2011) (citing *Malicki v. Doe,* 814 So. 2d 347, 361 (Fla. 2002)). Plaintiff has failed to sufficiently allege any facts in support of the contention that Defendant breached a

18539926-3

duty to Plaintiff in exercising reasonable care in hiring, entrusting, and supervising their employees. As previously stated, there is no evidence whatsoever that any of Defendant's employees (either named or unnamed, identified or unidentified) are responsible for the Incident.  Plaintiff does not allege any facts in support of the enumerated elements for the instant cause of action. Most fundamentally, Plaintiff does not even identify any employees about whom Defendant purportedly (1) failed to make an appropriate investigation; (2) which revealed any kind of relevant unsuitability; or (3) which demonstrates Defendant's subsequent unreasonableness in hiring them. *See* discussion *supra* Part II. Failure to plead even the most basic information about which individual(s)/employee(s) Defendant is alleged to have negligently hired, entrusted, and supervised results in a failure to state a cause of action upon which relief can be granted. For these reasons, Count VII of the Complaint must be dismissed.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Complaint should be dismissed, inclusive of Counts I through VII, for failure to state a cause of action as to each claim as discussed above.

WHEREFORE, Defendant, CARIBE ROYALE RESORT SUITES, respectfully requests that this Court enter an Order granting Defendant's Motion to Dismiss Plaintiff's Complaint; dismissing Counts I through Count VII with prejudice, and for such other relief the Court deems just and appropriate.

18539926-3

Dated: August 23, 2021.                    Respectfully Submitted,

                                          /s/Jessica M. Farrelly
                                          JESSICA M. FARRELLY
                                          Florida Bar No.: 0103055
                                          FREEMAN MATHIS & GARY, LLP
                                          2502 N. Rocky Point Drive, Suite 860
                                          Tampa, Florida 33607
                                          Tel: (813) 774-6363
                                          Fax: (833) 330-0369
                                          jessica.farrelly@fmglaw.com
                                          kjones@fmglaw.com
                                          Attorneys for Defendant Caribe Royal Resort
                                          Suites

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of August 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following attorneys of record: Scott Grauman, Esq. (scott@graumanlaw.com), Grauman Law P.C., 500 Village Square Crossing, Suite 101, Palm Beach Gardens, Florida 33410 (Attorneys for Plaintiff).

                                          /s/ Jessica M. Farrelly
                                          Attorney